CRANSTON LOAN CO. *vs.* ABBY BYRNE *et al.*

MARCH 11, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. This is a petition for a writ of *certiorari*, brought by John D. Enos, one of the defendants in the above-entitled case, to be directed to the Superior Court requiring it to certify the record in such case to this court, and praying us to order quashed a portion of such record wherein the Superior Court granted a motion of the plaintiff that it be allowed to file an amended declaration. The writ has been issued as requested, and the record and papers in the instant case have been duly certified to this court.

The plaintiff contends that the record herein shows that we should not grant the relief prayed for. This court frequently has had occasion to point out certain well-settled principles which regulate in this jurisdiction the granting of relief through the use of the writ of *certiorari*. In *Cohen* v. *Superior Court,* 39 R. I. 272, at page 275, it is said: "The primary office of a writ of *certiorari* is to re-

view the action of an inferior tribunal taken without jurisdiction or in excess of the jurisdiction given to it; and such writ ordinarily does not lie to correct error in the exercise of jurisdiction." It has also been held that the issuance of the writ and the relief to be granted under it are discretionary. *Brown* v. *Probate Court,* 28 R. I. 370; *Parker* v. *Superior Court,* 40 R. I. 214. The writ will not lie if there exists any other adequate remedy to review the questioned action of the inferior tribunal. *Cohen* v. *Superior Court, supra; Chew* v. *Superior Court,* 43 R. I. 194; *Bishop* v. *Superior Court,* 50 R. I. 13. In *Parker* v. *Superior Court, supra,* at page 217, the following language appears: "Ordinarily in certiorari this court will consider and correct final determinations merely, and those only in cases when no other remedy is expressly provided."

Occasionally, however, this court has permitted the use of the writ to correct determinations not strictly final, and to examine the action of an inferior tribunal to correct and prevent errors and abuses when no other remedy has been expressly provided. This procedure has been followed pursuant to the statute, General Laws, 1923, Chap. 322, Sec. 2, and in order to carry out fully and when necessary the final revisory and appellate jurisdiction placed in this court by the constitution. A comprehensive discussion of this subject appears in *Hyde* v. *Superior Court,* 28 R. I. 204, where, by reason of unusual facts and circumstances, the court issued its writ of *certiorari* and reviewed the entry of an interlocutory decree by the Superior Court.

Cases heretofore before this court, and dealing with the same general question as is raised in the case at bar, have been determined by the application of the general principles just referred to. In *Rose* v. *Standard Oil Co. of New York,* 56 R. I. 272, the record showed that the plaintiff moved for leave to file an amended declaration, after a substantial demurrer to a previous declaration had been sustained. The motion was denied by a justice of the Superior Court. This holding we reviewed by *certiorari,*

there being no other remedy expressly available to the plaintiff, and the decision of the Superior Court being final in its effect, as the plaintiff could not proceed without the amendment.

Also, in *Colitz* v. *Gilbert,* 53 R. I. 319, this court reviewed by *certiorari* a ruling by the Superior Court permitting the plaintiff to amend his declaration prior to trial, and ordered that portion of the record quashed. The following facts appeared from the record in that case. The action was trespass on the case for negligence in the practice of dentistry. A demurrer had been sustained to the declaration and it had been agreed by the parties that the plaintiff could file an amended declaration by a day certain, but he took no steps to do so, and several years thereafter filed the motion to amend, which was granted by the Superior Court. In the meantime the defendant had died, and his executor had been made a party defendant. This court held in substance that, under these circumstances, the trial court had abused its discretion in allowing the filing of the amended declaration, and referred in particular to the fact that the defendant had been dead approximately seven years. In view of the peculiar facts of that case, and because from the nature of the claim the defendant's own testimony would have been of great importance and was not available, this court evidently felt that a proper case was presented for the issuing of the writ under its general revisory and appellate power to correct errors and abuses and in furtherance of justice, even though the ruling reviewed was not in effect a final determination. To have proceeded with the trial on the amended declaration obviously would have placed an undue hardship on the defendant's executor.

Similarly, in *Atlantic Mills* v. *Superior Court,* 32 R. I. 285, this court, acting under its general revisory and appellate power, issued its writ of *certiorari,* but thereafter refused to quash the action of the Superior Court in permitting the plaintiff to file an amended declaration follow-

ing the sustaining of a substantial demurrer to the original declaration. The issue presented was whether or not the amended declaration set out a new cause of action, after the period of the statute of limitations had elapsed, or merely amplified and restated in greater detail the original cause of action. Apparently the propriety of the procedure followed by this court was not questioned, and was, therefore, not discussed or passed upon. No practical difficulty, however, was presented in determining the matter from the record, as only a comparison of the original and amended declarations was necessary.

In the present case the record reveals that the action, which is on a promissory note, was begun by writ of attachment, dated June 28, 1927. In this writ the plaintiff is described as "The Cranston Loan Company, Incorporated, a corporation . . . ." In the declaration filed thereafter the plaintiff's corporate name is the same, except for the omission of the word "The". In February, 1935, the plaintiff moved that it be permitted to file an amended declaration. After hearing, this motion was granted by the Superior Court, and the record of this ruling the defendant Enos is now seeking to have quashed. Following the granting of the above motion, the plaintiff filed an amended declaration setting out therein, "Cranston Loan Company", as its correct designation.

Clearly, the decision of the Superior Court in the instant case, allowing the amendment, is not in any true sense such a final determination as would ordinarily warrant a review by *certiorari*. Furthermore, although plaintiff's motion to amend was not made until long after the action was commenced, no such compelling facts and circumstances, bearing upon the merits of the controversy, as were shown in *Colitz* v. *Gilbert, supra,* appear *from the record* in the case at bar. For that reason, in our judgment, the petitioner has not presented a case which calls for the exercise, under a writ of *certiorari,* of our revisory and appellate jurisdiction.

Apparently the ultimate issue to be determined on this phase of the case is whether or not the amendment which the Superior Court permitted merely corrected an accidental misnomer of the plaintiff, or whether such amendment amounted to the bringing in of a new party plaintiff after the statute of limitations had run. It is difficult to decide this question from the record alone, and testimony introduced at the trial would doubtless be of assistance. This situation differentiates the present case from *Atlantic Mills* v. *Superior Court, supra.* Further, the record shows that the petitioner herein, on May 8, 1935, filed to the amended declaration a plea of the statute of limitations, under which, at the trial, he doubtless will be able to present such defences and raise such questions as may be pertinent to that issue. It would seem that the case could proceed on the amended pleadings without jeopardizing the rights of the parties. See *Narragansett Milling Co.* v. *Salisbury, Admr.,* 53 R. I. 296.

For the reasons indicated, and on the record herein, we are of the opinion that we should not grant the relief now prayed for by the petitioner.

The writ of *certiorari* is quashed. The record in the case entitled *Cranston Loan Co.* v. *Abby Byrne et al.* sent to us by the Superior Court is remitted to said court.

*Edward M. Sullivan, John J. Sullivan,* for petitioner, John D. Enos.

*Frank W. Golemba, Philip Lieberman,* for Cranston Loan Co.